SAMPSON B. McGOWN *v.* WILLIAM LEAVENWORTH and others.

The court has *power* to permit an assignee of an interest in a cause of action, who has become such *pendente lite*, to be made a party to the suit, upon his own application for an order to that effect. INGRAHAM, FIRST J., dissented.

In becoming a party and defending, under such circumstances, the assignor does so, subject to the consequences resulting from the filing of the notice of *lis pendens.* He is simply permitted to defend in his own name, and prevent, if possessed of just grounds therefor, a decree, which, if the permission were not given, might conclude him as a purchaser *pendente lite*.

The disposition of such an application is a matter resting in the discretion of the court, the exercise of which should not be interfered with on appeal. INGRAHAM, FIRST J., dissented.

Where a party to the suit parts with *all* his interest therein to a third person, the court *may* direct a substitution of the latter.

An order staying the plaintiff's proceedings will not extend the time for the defendant to answer. That time is fixed by statute, and can only be enlarged by consent or by an order for that purpose.

Accordingly, where, on the last day of the time to answer, the defendant obtained an order to show cause why it should not be extended, and staying

McGown *v.* Leavenworth.

the plaintiff's proceedings in the mean time; it was *held,* that the extension having been refused on the return of the order to show cause, the plaintiff was at liberty to proceed upon the defendant's default, and that the service of an answer a few moments before the hearing of the application for further time, could be disregarded.

This court has repeatedly held that the service of a pleading after the time allowed by law, although before the adverse party has acted upon the default, is not good.

The "reasonable time," within which a party wishing to decline receiving a paper must return it, is not limited to a shorter period than one day.

THIS suit was in the nature of a suit in equity for a foreclosure, and was brought against the defendant, Leavenworth, and his assigns, upon a contract for the purchase of land. The plaintiff alleged default in the payment of $6,990, with interest, and in the payment of interest on $21,578 from a day specified. The judgment demanded was, that the money be paid within a given time, or that the defendants be strictly foreclosed.

The complaint was filed and served on the defendant, Leavenworth, March 9th, 1850, and a notice of the pendency of the action was filed on the 11th of the same month. On the 13th, John W. Latson took from Leavenworth, for a valuable consideration, without actual notice that the suit was pending, an assignment of a half interest in the lands, which was recorded on the ensuing sixth of April. Leavenworth omitted to answer; and after his time to do so had been frequently extended by consent or otherwise, a motion was made, on the third day of June, 1850, for still further time, which was denied.

Latson then applied, by petition, to be made a party defendant, with a right to answer the complaint, and alleged under oath matter constituting a defence. From an order of a single judge at special term, granting the prayer of the petition, an appeal was taken by the plaintiff.

This appeal was decided, and the three following opinions were delivered, in November, 1850. Another and separate appeal in the same cause was then pending from a decision at chambers affecting the rights of the defendant, Leaven-

worth, and was disposed of in December of the same year. The facts relating to it are stated in a note at the conclusion of the opinion of DALY, J., and the decision upon it appears in the opinion of the court, delivered by INGRAHAM, FIRST J., which follows the note.

*John D. Macgregor*, for the petitioner and for the defendant, Leavenworth.

*Edgar Ketchum*, for the plaintiff.

WOODRUFF, J.—It appears, that this suit is brought to foreclose the rights acquired by the defendants under an executory contract for the purchase of land, by reason of the nonpayment of a balance of the purchase money agreed to be paid therefor, and was commenced on the 9th day of March last; that notice of the pendency of the suit was filed on the 11th of the same month; and on the 13th the defendant, Leavenworth, assigned all his interest in the contract to the petitioner, John W. Latson, who applied, by petition, to be made a defendant, and to be permitted to come in and answer; and on such petition the order appealed from was made, making him a defendant, and allowing him to answer on payment of costs. The effect of filing notice of suit pending is not involved in the present inquiry. If the defendant, Latson, comes in to defend, he does so subject to all the consequences which result from the filing of such notice. The inquiry is, shall he be permitted to defend in his own name, and prevent, if he has just grounds therefor, a decree which would conclude him as a purchaser, *pendente lite*, if he is not permitted to do so.

It may be suggested that he could defend in the name of his assignor. The pleadings are not submitted so as to enable us to see that no decree is sought against Leavenworth, personally. And if not, there may be good reasons why Leavenworth should wish to defend for himself, notwithstanding he has parted with his beneficial interest in the agree-

ment. Besides, it appears that there have already been some supposed irregularities in the conduct of the defence, begun by the defendant, Leavenworth, which may hazard the petitioner's rights, if not permitted to defend for himself; and the petitioner states positively that when he received the assignment he had no actual notice of the pendency of the suit. Section 118 of the Code of Procedure provides, that any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff. Section 121 provides, that in case of a transfer of interest, the court *may allow* the person to whom the transfer is made, to be substituted in the action; and section 173 provides, that the court may at any time, in furtherance of justice, amend any proceeding by adding or striking out the name of a party. Under these sections, there appears to me no room to doubt the *power* of the court to grant the prayer of the petitioner.

And if it rested merely in the discretion of the judge, by whose direction the order was entered, I am not disposed to interfere, on appeal, with the exercise he has made of that discretion. I suppose the power of the court to permit an assignee *pendente lite* to cause himself to be made a party, was long since well settled. Under our former chancery system, a supplemental bill, in the nature of a cross bill, would probably be necessary. And the court would take care not to allow intruders into a controversy to come in so as to unreasonably hinder or delay a plaintiff, whose proceedings were regular, but would hold them bound by notice of suit pending, and to its proper consequences, nor suffer mere speculators to embarrass the cause by interference. (See Story Eq. Plead. § 348; 3 Daniels' Ch. Pr., Perkins' ed. 1665; *Wilder* v. *Keeler*, 3 Paige, 164; *Whitbuk* v. *Edgar*, 2 Barb. Ch. R. 106.)

If the whole interest of the defendant, Leavenworth, in the controversy has ceased, an order substituting the defendant, Latson, under section 121 of the Code, would have been appropriate upon proper terms as to costs; but I cannot say

that the form of relief allowed by the court at special term was not within its discretion. The petitioner, purchasing (according to his uncontradicted petition) for valuable consideration, without actual notice of the pendency of suit, finds himself in danger of losing the whole benefit of his purchase, when, as his petition states, he has a good defence to the action. There have been some laches on his part in not making an earlier application, but no bad faith is shown. There may, undoubtedly, be cases where great delay, or bad faith or misconduct, should forbid the quantity of the relief sought, and no doubt there were some such circumstances in the case said to have been decided by Judge Mason. But I cannot say that there was any such improvidence in granting the order that it ought to be vacated on appeal; nor do I perceive, from the papers, that any considerable delay will result to the plaintiff from the relief given,—certainly not so much as has been occasioned by the appeal he has taken from the order. The order appealed from should be affirmed, with ten dollars costs, which ought, however, to be set off against the costs which the order directed the petitioner to pay, if such costs have not already been paid by him.

INGRAHAM, FIRST J.—I think there was no ground on which this motion could be sustained:

1. The purchase by Latson, *pendente lite*, was wrong, and he is to be charged with full notice of the pendency of the suit.

2. Such a purchase, if sanctioned, may lead to an interminable course of proceedings in cases relating to real estate, by which defendants may, from time to time, just before judgment, transfer their interest to others, and thereby prevent a plaintiff from collecting moneys due him on mortgage or otherwise.

3. There is no warrant in the Code for such an application by a person *not a party to* a suit.

Section 118 relates merely to the persons who may be made defendants by the plaintiff when he commences his suit.

McGown *v.* Leavenworth.

Section 121 provides that a transfer of interest in the subject matter shall not abate the suit; and provides that in cases of *disability* of the plaintiff or defendant, the action is to be continued, on motion, or by a *supplemental complaint;* and, in case of a transfer of interest, the action to be continued in the name of the original party, or allows a *substitution*, not the addition of new defendants.

Section 122 provides for ordering new parties to be brought in, when a complete determination cannot be had without the presence of such parties.

No such reason exists in this case, as a full determination of the case can be had upon the merits, without the introduction of a new defendant.

Section 173 allows the court, in furtherance of justice, to add new parties. But I am utterly at a loss to see how it is in furtherance of justice to allow a third person, after a suit brought for the payment of interest on the purchase money of land two years ago, to become a purchaser of an interest in such land, and then to become substituted or added as a defendant, and, when the cause is ready for hearing, put the plaintiff off for a longer period, to wait for his answer; and when this defendant's answer is in, and the case again ready for hearing, allow another substitution, and so on, *ad infinitum.* Such a course of proceeding does not tend to a prompt administration of justice; nor do I think it was ever contemplated by the system of practice which professes to abridge the proceedings of courts of justice. The order should be reversed.

DALY, J.—The practice of allowing an assignee *pendente lite* to be made defendant, was well settled in the former Court of Chancery, and there is every reason why it should continue in the present state of the practice, unless it is inconsistent with or prohibited by the Code. The 118th section provides, that any person may be made a defendant who has a claim or interest in the controversy; and the 173d section, that the court may at any time, in furtherance of justice,

amend any proceeding or pleading, by adding to or striking out the name of any party; and section 121, that in case of the transfer of the interest, the court may allow the person to whom the transfer is made to be substituted.

Judge Ingraham is of opinion that section 118 relates only to persons who may be made defendants by the plaintiff. I understand it, however, to be a general declaratory provision as to who may be made defendants, and to apply as well to a case like the present as to any other. There is nothing in the section itself restricting it, and it should not be carried any farther by construction. But if a doubt exists respecting this, the 173d section is comprehensive enough. It provides, expressly, for the adding of the name of any party in any proceeding, in furtherance of justice. Judge Ingraham thinks that a permission of this kind is not in furtherance of justice.

The granting of such an application, rests in the sound discretion of the court, and I think this was a fair case for the exercise of it. The assignment to Latson was without notice of the suit, and there was nothing showing fraud or an intention to delay the plaintiff. Under such circumstances, I think he was entitled to the relief asked for, upon terms.

Order affirmed.

NOTE BY REPORTER.—As already stated, the defendant, Leavenworth, having obtained several enlargements of his time to answer, applied to a judge at chambers, on the morning of the day with which the last extension would expire, for still further time. The application was refused; but the judge granted an order to show cause why the time should not be extended, with a stay of the plaintiff's proceedings in the mean time. On the return of the order to show cause, the parties appeared at chambers, when the defendant's counsel handed to the counsel of the plaintiff an answer. After some conversation, it was insisted, on the plaintiff's behalf, that the argument should proceed; and after hearing both parties, the motion for further time was denied.

McGown *v.* Leavenworth.

About two hours after the answer was served, the plaintiff's attorney returned it to the attorney for the defendant. Within twenty days an amended answer was served, which was likewise refused.

The cause having been placed on the calendar by the defendant, Leavenworth, the plaintiff moved, at special term, that the answer and the amended answer be struck out. The motion was granted, with costs, and the defendant, Leavenworth, appealed.

By the Court. Ingraham, First J.—The judge at chambers was correct in holding that an order to stay the plaintiff's proceedings did not enlarge the time for the defendant to answer. That time is fixed by statute. It can only be enlarged by consent, or by an order for that purpose. The stay of proceedings prevented the plaintiff from taking advantage of the omission to secure the answer in time, until that stay was vacated or at an end; but as soon as that took place, he had a right to proceed upon the default in not answering within the time allowed by law. We have repeatedly held that a service of a pleading after the time allowed by law, although before the other party has proceeded thereon, is not good.

Where a paper is served upon a party, who declines to receive it, he is required to return it within a reasonable time. This has never been limited to a shorter period than the same day; and to return a paper in two hours after the receipt of it, is within all the rules of diligence ever required in such cases.

The order at chambers should be affirmed.